```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JUAN WIGGINS, | Civil No. 12-3176 (NLH/KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| BRIAN STRING, et al., | |
| Defendants. | |

**APPEARANCES:**

Juan Wiggins
635 West California Ave
Absecon, NJ 08201
    *Pro Se Plaintiff*

David F. Watkins, Esquire
O'Brien Belland & Bushinsky, LLC
1526 Berlin Road
Cherry Hill, NJ 08003
    *Attorney for Defendants Brian String, Carmen DelVicario, Anthony Benigno, Danette Palmore, Joseph Hanson, and Bob Hawkins*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendants Brian String, Carmine DelVicario, Anthony Benigno, Danette Palmore, Joseph Hansen, and Bob Hawkins' (hereinafter, "Union Defendants")[1] motion [Doc. No. 3] to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also request that this Court enjoin Plaintiff from

---

1. Ricky Wilks is also a named Union Defendant. The docket reflects that no entry of appearance by counsel has been made on his behalf, and he does not appear to be proceeding pro se.

filing further complaints regarding this same matter without leave of Court.  Plaintiff did not file opposition to the motion, and the time for filing opposition has expired.  The Court has considered Defendants' motion and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendants' motion to dismiss is granted.

## I.  JURISDICTION

Plaintiff Juan Wiggins, a former employee of Village Shop Rite in Absecon, New Jersey, brings this complaint against Union Defendants pursuant to 29 U.S.C. § 185 regarding his March 2009 termination of employment.[2]  (See Ex. A to Notice of Removal, Pl.'s Compl. [Doc. No. 1] (hereinafter, "Pl.'s Compl."), 12-15.) The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

## II.  BACKGROUND

### A.  Procedural History

Plaintiff filed the initial complaint in this action on February 6, 2012, in the Superior Court of New Jersey, Law Division for Atlantic County.  (Notice of Removal [Doc. No. 1] ¶

---

2. Defendants removed to federal court pursuant to 28 U.S.C. § 1441.  Although Plaintiff alleges a state law claim for negligence based on Union Defendants' failure to represent him, this state law claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  Thus, Plaintiff's complaint constitutes a federal cause of action.

2

2.)  Subsequently, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446(b).  (See Notice of Removal [Doc. No. 1] ¶¶ 4-6.)

Prior to the present action, Plaintiff filed three previous actions against essentially the same defendants in federal court. In the first action, Plaintiff alleged a breach of fiduciary duty of fair representation by the Union Defendants as well as due process and equal protection violations.  Wiggins v. String, No. 10-1710, 2011 WL 499393 (D.N.J. Feb. 9, 2011) appeal dismissed, 428 F. App'x 117 (3d Cir. 2011) (hereinafter, "Wiggins I").  By Opinion and Order dated February 9, 2011, the Honorable Joseph H. Rodriguez dismissed Plaintiff's claim for breach of fiduciary duty as time-barred and dismissed Plaintiff's civil rights claims on the basis that the Union Defendants were neither state actors, nor acting under color of state law.  Id. at *4.  After concluding that the District Court properly dismissed Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Court of Appeals for the Third Circuit dismissed Plaintiff's subsequent appeal as having "no arguable issues of fact or law."  Wiggins v. String, 428 F. App'x 117, 117 (3d Cir. 2011).

Plaintiff thereafter filed a second complaint against the Union Defendants based solely on a breach of fiduciary duty claim.  (Pl.'s Compl. at 2, in Wiggins v. String, No. 11-1480

(hereinafter, "Wiggins II")).  This matter was dismissed without prejudice pursuant to Plaintiff's request to voluntarily withdraw the complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I).  Plaintiff also filed a third complaint arising from his termination from Shop Rite.  (Pl.'s Compl. in Wiggins v. Wilks, No. 11-1481 (hereinafter, "Wiggins III")).  Although the named defendants were different, in Wiggins III Plaintiff alleged that the Union breached its fiduciary duty of fair representation just as in Wiggins II.  (See Defs.' Motion to Dismiss [Doc. No. 12] 3-4.)  Pursuant to Plaintiff's request to voluntarily withdraw, this Court also dismissed Wiggins III.  After Wiggins III was closed, Plaintiff requested resolution of a previously-filed motion for summary judgment.  Because the motion had previously been filed in Wiggins I on the same day that Judge Rodriguez dismissed Plaintiff's complaint and because the motion was later withdrawn from consideration by Plaintiff, Plaintiff's request to reopen the action in Wiggins III to consider the motion for summary judgment was denied. (Mem. Op. and Order at 3-4, No. 11-1481, Wiggins III.)

### B. Plaintiff's Allegations in the Present Action

Plaintiff's complaint in this action constitutes his fourth complaint against Union Defendants.  The facts he alleges stem from his termination from Shop Rite on March 21, 2009, and are substantially similar to those alleged in his three prior

4

complaints. (Pl.'s Compl. 1-4.)  Plaintiff asserts that on March 12, 2009, Local Union 152 Shop Steward and Shop Rite dairy manager, Defendant Hawkins, met with Plaintiff and the store manager, Defendant Wilks, and demanded that Plaintiff be terminated for failure to follow proper cleaning procedures. (Id. 1-2.)  Plaintiff represents that after he began circulating a petition to remove the then current shop steward Defendant Hawkins, he was told by the Union's business agent, Defendant DelVicario, on March 18, 2009, to refrain from conducting "union business" during work hours.  (Pl.'s Compl. 2.)  On March 19, 2009, Plaintiff claims that he met with Union Treasurer, Defendant Benigno, who allegedly promised to bring the matter to the attention of Union President, Defendant String.  (Pl.'s Compl. 2-3.)  Plaintiff contends that on March 21, 2009, Defendant Wilks informed Plaintiff that he was being terminated for "participating in Union Activities while working." (Pl.'s Compl. 3.)

     Based on these facts, Plaintiff claims that the Union Defendants' negligence resulted in Plaintiff suffering "a substantial monetary loss, great pain and suffering."  (Pl.'s Compl. 7.)  Construing Plaintiff's amended complaint liberally, he appears to assert claims against the Union Defendants for a breach of fiduciary duty of fair representation.  Based on these allegations, Plaintiff seeks judgment against the Union

5

Defendants for $43,000.00 (Pl.'s Compl. 8.)  Plaintiff also seeks $20,000.00 in punitive damages from the Union Defendants.  (Id.)

## III. DISCUSSION

At this time, Defendants seek dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although Plaintiff did not file opposition to the present motion, "the Court must address unopposed motions to dismiss a complaint on the merits."  Estate of Casella v. Hartford Life Ins. Co., No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).  Thus, in considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft

6

v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

However, "if a complaint is subject to a Rule 12(b)(6)

dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245; see also Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted).

**IV.   ANALYSIS**

Initially, Defendants assert that the complaint recites the same or substantially similar facts as Plaintiff's prior claims against the Union Defendants in Wiggins I, which were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the Honorable Joseph H. Rodriguez on February 9, 2011, and a subsequent appeal similarly dismissed by the Third Circuit Court of Appeals.  (Mem. of Law in Supp. of Co-Defs.' Mot. to Dismiss Pl.'s Compl. & Restraining Pl. from Filing Compls. Relating to Civil Action No. 10-1710 [Doc. No. 3] (hereinafter, "Defs.' Mem."), 2.)  Thus, Defendants argue that Plaintiff's amended complaint must be dismissed in its entirety because Plaintiff's claims are barred by the doctrine of res judicata. (Id. at 7.)

Additionally, Defendants contend that Plaintiff's claims against the Union Defendants must be dismissed because Plaintiff failed to assert all related claims against the same Defendants

in his first action.³  (Id. at 8.)  Therefore, Defendants argue that Plaintiff's current claims are also barred by New Jersey's Entire Controversy Doctrine.  (Id.)

Third, Defendants assert that the state law claims in Plaintiff's complaint must be dismissed because they are completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  (Id. at 12-13.)  Defendants additionally argue that even if Plaintiff's claims are not barred under state or federal claim preclusion grounds, they are barred by New Jersey's statute of limitations.  (Id. at 13.)

Finally, based on Plaintiff's repeated attempts to bring claims against Union Defendants relating to Plaintiff's March 2009 termination, Union Defendants seek an Order enjoining Plaintiff from filing any further suits in this Court. Specifically, Defendants complain of Plaintiff's "repeated abuse of the judicial system" in filing multiple complaints based on the same underlying facts.  (Id. at 14.)  Therefore, Defendants argue that Plaintiff should be barred from filing additional complaints without leave of Court.

### A. Res Judicata Bars Plaintiff's Current Claims

According to Defendants, Plaintiff's breach of fiduciary

---

3. Specifically, Defendants claim that all but one of the Defendants in this action are identical to the prior defendants and that the additional Defendant, Bob Hawkins, was in privity with the Union Defendants in the prior suit.

9

duty claim should be dismissed because the same claim was previously adjudicated in Wiggins I and is thus barred by the doctrine of res judicata. (Id. at 7-8.) In support of this argument, Defendants assert that Plaintiff's current claim is based on the same set of facts as prior actions initiated by Plaintiff – namely, the events leading to his termination from Shop Rite and Plaintiff's demand for relief for Union Defendants' failure to adequately represent him after his termination. (Id. at 8.)

The doctrine of res judicata consists of two distinct concepts – issue preclusion and claim preclusion. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). Issue preclusion, also known as collateral estoppel, prevents re-litigation of issues that were necessarily decided in a previous case. See Burlington N. R.R. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1232 (3d Cir. 1995). There are four elements for issue preclusion to apply: (1) the issue in the prior proceeding must be identical to the current issue; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final, valid judgment; and (4) the issue must have been essential to the judgment. See id. (citing In re Graham, 973 F.2d 1089, 1097 (3d Cir. 1992)).

Claim preclusion, also referred to as res judicata, prevents parties from re-litigating claims that have been fully litigated

or claims that could have been litigated in a prior action. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (citing Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)).  Claim preclusion applies where three elements are met: (1) there has been a final judgment on the merits; (2) the parties are identical to the parties in the prior action or are in privity with the identical parties; and (3) the subsequent case is based on the same cause of action as the prior case.  Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999).

   Plaintiff's claims are barred here because all elements of claim preclusion are met.  With respect to the first factor, there was a prior final judgment on the merits of Plaintiff's claims regarding his March 2009 termination from Shop Rite. Specifically, in an Opinion dated February 9, 2011, the Honorable Judge Joseph H. Rodriguez granted Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  Consistent with Third Circuit precedent, the grant of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) constitutes a judgment on the merits.  See Hubicki v. ACF Industries, Inc., 484 F.2d 519, 523 (3d Cir. 1973). Moreover, this judgment on the merits became final when the Court of Appeals for the Third Circuit dismissed Plaintiff's appeal on March 18, 2011.  Wiggins, 428 F. App'x at 117.

   According to the second factor, the parties in the current

case are identical to, or in privity with, the parties to <u>Wiggins I</u>. Wiggins, the plaintiff in the present case, is the same plaintiff who brought the prior action. Defendants String, DelVicario, Benigo, Palmore, Hanson, and Wilkes were all parties to <u>Wiggins I</u>. Defendant Hawkins, who was not a party to <u>Wiggins I</u>, was nevertheless, by virtue of his position in the local union, in privity with the other Union Defendants.

For privity to exist, there must be a "'close or significant relationship between successive defendants'" such that "nonparty preclusion is appropriate on any ground." <u>See</u> <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960 (3d Cir. 1991) (quoting <u>Gambocz v. Yelencsics</u>, 468 F.2d 837, 841 (3d Cir. 1972)); <u>see</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880 (2008). Here, Defendant Hawkins is in privity with the Union Defendants named in <u>Wiggins I</u> because he is the shop steward in the same union as the other Union Defendants. Therefore, there is a sufficiently close relationship between Defendant Hawkins and the Union Defendants by virtue of their similar interests in defending a suit against the local union. <u>See</u> <u>Rodsan v. Borough of Tenafly</u>, No. 10-1923 MAS, 2011 WL 2621016, at *6 (D.N.J. June 30, 2011) (stating that a finding of privity requires a determination that the relationship between the parties is "close enough" for purposes of preclusion). Here, Defendant Hawkins' legal interests were sufficiently represented and protected by the Union Defendants in

<u>Wiggins I</u>.  Specifically, Plaintiff alleged a violation by the local union members of a fiduciary duty in failing to fairly represent Plaintiff.  Since the allegations implicated the interests of the local union members as a whole, the Union Defendants had every reason to defend the interests of all union officials acting in their union capacities.  Therefore, Defendant Hawkins is in privity with the Union Defendants named in <u>Wiggins I</u>, and the second factor is accordingly fulfilled.

With respect to the third factor, the present case is based on the same cause of action as <u>Wiggins I</u>.  While there is no one test for determining whether the actions represent a single cause of action, the Court examines several factors, including "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir. 1991) (citing <u>U.S. v. Athlone Indus., Inc.</u>, 746 F.2d 977, 984 (3d Cir. 1984).  Even though the theory of recovery may differ, that fact is not dispositive in determining whether the cause of action is the same.  <u>Clemens v. Central R.R. of N.J.</u>, 399 F.2d 825, 828 (3d Cir. 1968).  A cause of action does not differ "merely because the motivations alleged in the two forums differ" nor "is it critical that one is based on federal law and the other on state law."  <u>Gregory v. Chehi</u>, 843 F.2d 111, 118 (3d Cir. 1988) (citing

13

Restatement (Second) of Judgments § 25 cmt. c (1982). Furthermore, the presence of additional defendants does not change the cause of action as long as the "essence of the cause of action asserted against the defendants ... is not altered." Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir. 1988).

In the present case, the material facts alleged by Plaintiff are identical and arise out of the same events as the facts alleged in Plaintiff's prior complaints in Wiggins I, II, and III. Specifically, Plaintiff complains about the incidents leading to his termination as employee at Shop Rite. Additionally, Plaintiff complains of identical conduct by the Union Defendants – namely, failing to represent him as a member of the union – in the current case as in Wiggins I, II, and III. Although he now purports to rest his allegations on state law claims of negligence rather than specific federal claims, Plaintiff nonetheless reiterates the same factual allegations, and the essence of his claim remains unchanged from prior proceedings.[4]

### B.  New Jersey's Entire Controversy Doctrine Is Inapplicable

The Union Defendants also seek to dismiss Plaintiff's claims for failure to state a claim under New Jersey's entire

---

4. Finding that Plaintiff's claims are barred under claim preclusion, the Court need not consider the applicability of issue preclusion here.

controversy doctrine.[5]  N.J. R. Civ. P. 4:30A.  Here, the Union Defendants contend that Plaintiff's present case stems from the same set of facts as prior proceedings and that Plaintiff had a full and fair opportunity to raise the current claims in the prior proceeding.  As set forth below, New Jersey's Entire Controversy Doctrine is inapplicable in the present case.

It is established that federal courts, when determining the preclusive effect of state court determinations, must look to the state's preclusion law.  Int'l Ass'n of Firefighters, Local 1197 v. Twp. of Edison, No. 2:12-CV-00260 WJM, 2013 WL 396152, at *3 (D.N.J. Jan. 31, 2013) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984)).  New Jersey's preclusion doctrine – the entire controversy doctrine – is broader than its federal counterpart – res judicata – because it precludes not only those claims that were actually brought in prior actions but also claims that could have been previously litigated but were not raised.  See Int'l Ass'n of Firefighters, 2013 WL 396152, at *4 (citing Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927, 930 (3d Cir. 1991)).  In New Jersey, the scope of the entire controversy doctrine is so sweeping that it requires all

---

5.  New Jersey's Entire Controversy Doctrine is "'a mandatory rule for the joinder of virtually all causes, claims, and defenses relating to a controversy between the parties engaged in litigation.'"  Galbraith v. Lenape Reg'l High Sch. Dist., 964 F. Supp. 889, 893 (D.N.J. 1997) (quoting Cogdell by Cogdell v. Hosp. Ctr. at Orange, 560 A.2d 1169, 1173 (N.J. 1989)).

causes, claims, and defenses relating to a particular controversy be joined in a single cause of action. Cogdell, 560 A.2d at 1173. By contrast, "[t]he preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-508). Generally, claims barred by res judicata are also barred by New Jersey's entire controversy doctrine because the state preclusion grounds are broader than the federal one. Accordingly, in cases where the jurisdiction is based on a federal question, the doctrine of res judicata controls. In cases where jurisdiction is based on diversity of citizenship, however, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Taylor, 553 U.S. at 891 n.4 (citing Semtek Int'l Inc., 531 U.S. at 508).

The Court finds that here, New Jersey's entire controversy doctrine is inapplicable because the prior judgment in Wiggins I resulted from a federal action where jurisdiction was exercised based on 28 U.S.C. § 1331, federal question jurisdiction, not 28 U.S.C. § 1332, diversity jurisdiction. Therefore, with respect to the preclusive effect of Wiggins I, the federal doctrine of res judicata and not the state entire controversy doctrine applies here. Accordingly, while Plaintiff's claims against the Union Defendants are subject to dismissal under Rule 12(b)(6)

because they are precluded under the doctrine of res judicata, New Jersey's Entire Controversy Doctrine is inapplicable and thus not an appropriate ground for dismissal.

### C. Res Judicata Bars Both State and Federal Law Claims

Finally, the Union Defendants argue that Plaintiff's complaint, insofar as it alleges state law claims, must be dismissed because the state law claims are preempted by federal law.  As recognized by the Third Circuit, the doctrine of res judicata bars re-litigation of claims that have been fully litigated regardless of the theory of recovery set forth.  See United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.").  Thus, whether Plaintiff asserts federal claims only or both federal and state law tort claims, the action is barred as long as the requirements of the federal preclusion doctrine are met.  As the Court already found, Plaintiff's claims are barred by the doctrine of res judicata.

The doctrine of res judicata bars all claims arising under the same set of operative facts regardless of the particular legal theory on which the claims rest.  Accordingly, the present motion to dismiss must be granted with respect to all claims regardless of the theory of recovery advanced by Plaintiff.

### D. Plaintiff Must Show Cause Why He Should Not Be Barred From Filing Further Similar Suits In This Court

Finally, Defendants request the Court to enjoin Plaintiff from filing further lawsuits against them.  Specifically, Defendants contend that Plaintiff has filed three lawsuits raising the same issues.  As the Court already noted, this is Plaintiff's fourth complaint alleging substantially similar facts.  The Third Circuit has stated that this Court has the authority, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated."  Matter of Packer Ave. Associates, 884 F.2d 745, 746 (3d Cir. 1989) (citing In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982)) (stating that "in appropriate circumstances, courts have gone beyond prohibitions against re-litigation and enjoined persons from filing any further claims of any sort without the permission of the court").

Furthermore, the "federal court system is not a playground to be used by litigants for harassing those they dislike," Gilgallon v. Carroll, 153 Fed. Appx. 853, 855 (3d Cir. 2005), and the court system is not available for "recreational litigation," see Marrakush Soc. v. New Jersey State Police, 2009 WL 2366132, *36 (D.N.J. July 30, 2009) (explaining that a "'recreational litigant' is the 'one who engages in litigation as sport and

18

files numerous complaints with little regard for substantive law or court rules.'") (quoting Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court") (other citations omitted)).

This is Plaintiff's fourth complaint alleging identical facts arising from his termination from Shop Rite on March 2009. Wiggins I was dismissed by the Honorable Joseph H. Rodriguez and a subsequent appeal similarly dismissed by the Third Circuit Court of Appeals. Wiggins v. String, No. 10-1710, 2011 WL 499393 (D.N.J. Feb. 9, 2011) appeal dismissed, 428 F. App'x 117 (3d Cir. 2011). Subsequently, in Wiggins II and III, Plaintiff filed two additional complaints alleging similar facts, which Plaintiff later voluntarily withdrew. See Plaintiff's Complaint (No. 11-1480); see also Plaintiff's Complaint (No. 11-1481). Therefore, Plaintiff's conduct may require the restriction of Plaintiff's access to this Court as it relates to the claims raised in this case.

Accordingly, Plaintiff is hereby on notice that if he fails to timely show cause within twenty (20) days, Plaintiff will be enjoined from filing any claims stemming from his March 2009 termination without prior leave of Court.

**V.   CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [Doc. No. 3] is granted.  Plaintiff's claims against the Union Defendants are dismissed with prejudice.  Additionally, Plaintiff must show cause within twenty (20) days of this Opinion why this Court should not enter a preclusion order and enjoin plaintiff from filing any claims in this District regarding the subject matter of this case without prior permission of the Court.  An Order consistent with this Opinion will be entered.


Dated: March 25, 2013             s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.